IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES CHASE, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. _____ |
| JIM TIDWELL FORD, INC., | **JURY TRIAL REQUESTED** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Charles Chase ("Plaintiff") in the above styled matter, and files his Complaint for Damages against Defendant Jim Tidwell Ford, Inc. ("Defendant" or "Tidwell"), and shows this Honorable Court as follows:

### INTRODUCTION

1.

This action arises from Plaintiff's fall that occurred on October 27, 2009, at Defendant Tidwell's auto dealership showroom located at 2205 Barrett Lakes Blvd, Kennesaw, Cobb County, Georgia 30144. Plaintiff suffered severe and permanent injuries from this fall including a fractured hip that required hip replacement surgery.

1

## **PARTIES, JURISDICTION AND VENUE**

2.

Plaintiff Charles Chase is a resident of the State of Georgia.

3.

Defendant Jim Tidwell Ford, Inc. is a foreign corporation organized under the laws of the State of Delaware that is registered and authorized to transact business in the State of Georgia. Defendant Jim Tidwell Ford, Inc.'s principal place of business is: 800 Gessner Road, Suite 500, Houston, Texas 77024.

4.

This Court has jurisdiction of the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332, as complete diversity of the parties exists and the amount in controversy exceeds $75,000.00, exclusive of attorney fees, costs and interest.

5.

Venue is proper under 28 U.S.C. § 1390, as the events and occurrences made the basis of this action occurred in whole or in part in the Northern District of Georgia.

## **FACTS**

6.

Plaintiff incorporates the allegations contained in all previous paragraphs.

7.

At all times relevant hereto, Defendant Tidwell owned, occupied, controlled, designed, constructed, installed, and/or maintained the premises located at 2205 Barrett Lakes Blvd, Kennesaw, Cobb County, Georgia 30144 ("the Premises").

8.

At all times relevant hereto, the Premises included a building used as a car showroom (the "Showroom"). At all times relevant, within Defendant's Showroom there was an elevated desk and counter used by Defendant Tidwell to interact with Defendant's invitees (the "Desk/Counter"). At all times relevant, Defendant's invitees could only access the Desk/Counter by using a stair and landing placed in front of the elevated desk and counter.

9.

At all times relevant hereto, Defendant's stair and landing in front of the Desk/Counter was a carpet covered wooden box that was not bolted to the floor or counter and was not otherwise secured to the floor of the Showroom (the "Stair/Landing").

10.

On or about October 27, 2009, Plaintiff was instructed by Defendant to visit Defendant's Premises to receive paperwork related to his automobile that he purchased from Defendant.

11.

On or about October 27, 2009, Plaintiff drove to Defendant's Premises to receive paperwork related to his automobile purchased from Defendant. On this day, Plaintiff was Defendant's invitee on the Premises; and Plaintiff entered Defendant's Showroom. Once inside Defendant's Showroom, Plaintiff was instructed to retrieve his paperwork at Defendant's Desk/Counter.

12.

On or about October 27, 2009, when Plaintiff approached Defendant's Desk/Counter he was required to climb upon Defendant's Stair/Landing to retrieve his paperwork. When Plaintiff climbed upon Defendant's Stair/Landing he did not and could not observe any hazardous condition.

13.

At all times relevant, Plaintiff was not aware that Defendant's Stair/Landing was not secured to the floor or otherwise posed a hazard.

14.

At all times relevant, Plaintiff was exercising reasonable care for his own personal safety.

15.

Furthermore, at no time did Defendant Tidwell warn Plaintiff of the potential hazardous conditions on the Premises including the Stair/Landing.

16.

On or about October 27, 2009, Plaintiff received his paperwork while standing upon Defendant's Stair/Landing at the Desk/Counter. As Plaintiff began to leave the Desk/Counter, Defendant's Stair/Landing became unstable and caused Plaintiff to fall to the Showroom floor.

17.

As a result of the fall, Plaintiff Charles Chase suffered very serious and permanent injuries.

## COUNT I
### NEGLIGENCE

18.

Plaintiff incorporates the allegations contained in all previous paragraphs.

19.

At all times relevant, Defendant Tidwell had a duty to use reasonable care to design, construct, install, maintain and repair in a safe condition the Premises located at 2205 Barrett Lakes Blvd, Kennesaw, Cobb County, Georgia 30144 including its Showroom, Defendant's Desk/Counter, and Defendant's Stair/Landing.

20.

At all times relevant, Defendant Tidwell breached this duty by negligently failing to use reasonable care to design, construct, install, maintain and repair in a

safe condition the Premises located at 2205 Barrett Lakes Blvd, Kennesaw, Cobb County, Georgia 30144 including its Showroom, Defendant's Desk/Counter and Defendant's Stair/Landing.

21.

For an extended period of time, including but not limited to October 27, 2009, the Defendant Tidwell's Premises including the Showroom, Defendant's Desk/Counter and Defendant's Stair/Landing were unsafe and hazardous for invitees. Specifically, Defendant Tidwell caused and/or allowed the Stair/Landing to remain un-secured to the floor or otherwise in a dangerous fashion for an extended period of time and in complete disregard for the safety of the invitees that would be using the Premises.

22.

Furthermore, Defendant Tidwell failed to correct this hazard in spite of its knowledge that the hazard could result in severe and permanent injuries to its invitees and those affected by Defendant's negligence. At all times relevant, Defendant Tidwell knew, or through the exercise of ordinary diligence, should have known of the hazardous condition on the Premises including Defendant's Stair/Landing.

23.

Additionally, prior to Plaintiff's injury, Defendant Tidwell had constructive notice of what a reasonable inspection of the Premises and the Stair/Landing would reveal. On information and belief, the Stair/Landing had been in disrepair or otherwise unsafe for many years, and Defendant Tidwell failed in its duty to carry out periodic inspections and to take reasonable steps to protect invitees from those dangers foreseeable from the Stair/Landing. However, despite this notice, and a duty to remedy such problems, Defendant Tidwell failed to remedy the hazardous condition.

24.

As a direct and proximate result of Defendant Tidwell's negligence and the hazardous condition caused by Defendant Tidwell, Plaintiff suffered severe and permanent injuries, including, but not limited to, a fracture to Plaintiff's hip that required surgery.

25.

Defendant Tidwell's negligence directly and proximately caused injuries to Plaintiff, resulting in both general and special damages including, but not limited to, pain, suffering, and medical expenses.

26.

Defendant Tidwell is liable to Plaintiff for all recoverable damages.

## COUNT II
## NEGLIGENCE *PER SE*

27.

Plaintiff incorporates the allegations contained in all previous paragraphs.

28.

Defendant Tidwell was also negligent *per se* in that it violated a number of laws and regulations governing the construction and design of the Premises and the Stair/Landing including, but not limited to: violations of applicable building codes and regulations; and violations of design and construction standard practices.

29.

As a direct and proximate result of Defendant Tidwell's negligence, Plaintiff suffered severe and permanent injuries, including, but not limited to, a fracture to Plaintiff's hip that required surgery.

30.

Defendant Tidwell's negligence directly and proximately caused injuries to Plaintiff, resulting in both general and special damages including, but not limited to, pain, suffering, and medical expenses.

31.

Defendant Tidwell is liable to Plaintiff for all recoverable damages.

## COUNT III
## PUNITIVE DAMAGES

32.

Plaintiff incorporates the allegations contained in all previous paragraphs.

33.

The actions of Defendant Tidwell were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

34.

Accordingly, Defendant Tidwell is liable to Plaintiff for punitive damages to punish, penalize, and deter Defendant Tidwell from similar conduct in the future.

## COUNT IV
## EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

35.

Plaintiff incorporates the allegations contained in all previous paragraphs.

36.

Defendant has acted in bad faith, been stubbornly litigious and caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve his claim when there is no bona fide controversy.

37.

Accordingly, Defendant is liable to Plaintiff for his attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

### DEMAND FOR JURY TRIAL

38.

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff Charles Chase prays for judgment against Defendant Tidwell for an amount to be ascertained by a fair and impartial jury at the trial of this action, for all damages, actual and punitive, for the cost, expenses and disbursements of this action, both pre-judgment and post-judgment interest, for attorneys' fees and expenses of litigation, and for such other and further relief, in law or in equity, as this Court may deem just and proper.

Respectfully submitted, this 19th day of January, 2011.

OJEDA LEGAL, LLC

/s/ Orlando P. Ojeda, Jr.
Orlando P. Ojeda Jr.
Georgia Bar No. 152392
Attorney for Plaintiff

PO Box 724327
Atlanta, GA 31139
(678) 370-0068 Phone
(404) 745-8245 Fax
Email: opo@ojedalegal.com